DAVID R. DAUTRICH, ESQUIRE, PC
DAVID R. DAUTICH, ESQ
526 COURT STREET
READING, PA 19601
610-375-9455
ATTORNEY I.D. #34717

---

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, A MINOR CHILD BY AND THROUGH HER FATHER AND NEXT FRIEND, JOHN DOE | CIVIL ACTION – LAW DOCKET NO. |
| Plaintiff | |
| vs. | |
| READING RECREATION COMMISSION; DAPHNE E. KLAHR, EXECUTIVE DIRECTOR OF THE READING RECREATION COMMISSION, IN HER OFFICIAL AND INDIVIDUAL CAPACITY | JURY TRIAL DEMANDED |
| Defendants | |

## **COMPLAINT**

### Introduction

Plaintiff, JANE DOE was an 11-year old female child when she was the victim of sexual abuse, including child pornography, perpetrated by, Austin Lewis Quigg, a 20-year old male employee of the Reading Recreation Commission. The incidents of abuse started at, and often occurred, at the playground where he was employed and while she was under his care and supervision. According to a statement that the employee gave to a Berks County District Attorney's Office Detective, there were "a lot of times" that the employee and the child were touching each other's genitals on top of their clothing, mostly at the 11th and Pike Street Recreational Center where the employee worked and was responsible for the care and supervision of the minor Plaintiff and many other children. Throughout the course of the child

abuse the employee received and possessed more than 68 photographs and videos on his mobile phone, computer and personal laptop, of the 11-year old female child's vagina and breasts, said photographs and videos being child pornography as a matter of law. It is unknown if Quigg disseminated the child pornography before the photographs and videos were seized from him by law enforcement authorities. However, the pornography was transmitted over the internet between Quigg and the child Plaintiff via social media platforms including Instagram. The actions, and inactions, of the Defendant Reading Recreation Commission created the environment which allowed their employee to perpetrate this ongoing child abuse over a course of time without being detected and without being reported. JANE DOE, an 11-year old female child, by and through JOHN DOE, her adult father and next friend, seeks compensation for the violation of her rights guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983 and Title IX 20 U.S.C. § 1681(a). It is well established that the 14th Amendment Due Process clause and Title IX are the appropriate vehicles for vindicating personal security and bodily integrity claims.

## JURISDICTION

1. This Action is brought pursuant to 42 U.S.C. §1983 and Title IX 20 U.S.C. § 1681(a). Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343 (1), (3), (4), and the aforementioned statutory provisions.

## PARTIES

2. The Plaintiff in this action is JANE DOE, now a 13 year old female minor child, by and through JOHN DOE, her adult father and next friend.

3. The Plaintiff, JANE DOE, a minor and JOHN DOE, her father and next friend, an adult individual, both reside in Reading, Berks County, Pennsylvania.

4. The Defendant, Reading Recreation Commission, is a partnership between the City of Reading and the Reading School District, both of Reading, Berks County, PA.

5. Defendant, Reading Recreation Commission, operates, manages, hires, trains, and supervises employees and volunteers, directs and controls various playgrounds and related facilities throughout the City of Reading, Berks County, Pennsylvania.

6. Defendant, Daphne E. Klahr, was at all pertinent times employed by the Defendant Reading Recreation Commission as its Executive Director and as such was responsible for hiring, training, and supervision of volunteers and employees, formulation and adoption of needed policies and standard operating procedures, and overseeing the implementation of, and adherence to, all official policies and procedures. Plaintiff believes and therefore avers that said Defendant, in her official capacity, was the official policy maker for the Defendant, Reading Recreation Commission. Ms. Klahr's business address is believed to be 320 South 3rd Street, Reading, PA 19602.

7. Defendant Reading Recreation Commission has the responsibility for hiring, training, managing, and supervising the employees for said recreational facilities who will be supervising and caring for the children that will be making use of the various playground facilities, and this included JANE DOE, the Plaintiff.

8. At all relevant times, every Defendant and all of their employees and agents were acting under color of State Law.

9. The Defendant, Reading Recreation Commission, hired Austin Lewis Quigg, a 20-year old man who worked at their playground facilities located at 1185 Pike Street in Reading, Berks County, Pennsylvania and also at other facilities under their direct management, supervision and control.

10. At all relevant times, the actions, and inactions, of Defendant, Reading Recreation Commission, deprived the minor 11-year old Plaintiff child of her constitutional and statutory rights.

11. Austin Lewis Quigg, was a 20-year old adult man at the time of these offenses who is presently believed to be incarcerated in Berks County Prison, Leesport, Berks County, Pennsylvania, who was charged with Possession of Child Pornography and various other offenses. He ultimately pleaded guilty to various criminal charges as a consequence of the acts that he perpetrated against the minor female Plaintiff, JANE DOE, and as a result of the investigation of Detective Heather P. Calabria.

**FACTUAL ALLEGATIONS**

12. On December 10, 2019, Detective Heather P. Calabria, a County Detective with the Berks County District Attorney's Office, was detailed to investigate allegations of suspected child abuse regarding concerns of interactions between a 20-year old male employee of the 11th and Pike Street Recreational Center, located at 1185 Pike Street, Reading, Berks County, Pennsylvania, and a 11-year old female child, the Plaintiff, JANE DOE, which was occurring at the Recreation Center.

13. On January 14, 2020 Austin Lewis Quigg was interviewed by Berks County Detectives and denied any inappropriate actions between him and the 11 year old female victim, the Plaintiff, JANE DOE

14. On January 17, 2020, Austin Lewis Quigg, an employee of Defendant Reading Recreation Commission was interviewed again and admitted to the investigating detective that he exchanged nude photographs between him and the 11-year old child

Plaintiff, JANE DOE, via texting and various social media platforms, including Instagram.

15. Quigg also told the detective that he touched the 11-year old child Plaintiff, JANE DOE, on her buttocks outside her clothing and that she was grabbing his penis outside of his clothing.

16. A forensic examination of Quigg's mobile device(s) resulted in the detective locating numerous nude photographs of 11-year old child Plaintiff, JANE DOE's, vagina and breasts.

17. Quigg also admitted that there were two other occasions he took photographs of his genitals and the genitals of the 11-year old child Plaintiff, JANE DOE, at the Schlegel Pool, another City of Reading facility located at 299 North Carroll Street, Reading, Berks County, Pennsylvania.

18. Quigg was ultimately found to be in possession of more than 68 photographs of the 11-year old child Plaintiff, including photographs of her vagina and breasts, and said photographs constitute child pornography as matter of law.

19. Even after Quigg was interviewed by the Detective on January 14, 2020 and again on January 17, 2020, Quigg contacted the 11-year old child Plaintiff again and exchanged additional nude photographs and videos of them toughing their genitals with his personal laptop. Quigg also took pictures of his penis and recorded an Instagram video of himself masturbating his penis and sent it to the 11-year old child Plaintiff.

## COUNT I

## JANE DOE A MINOR CHILD BY AND THROUGH JOHN DOE HER FATHER AND NEXT FRIEND

## VS.

## READING RECREATION COMMISSION

## FOURTEENTH AMENDMENT VIOLATION-§ 1983

20. Paragraphs 1 through 19 of this Complaint are incorporated as if the same were set forth herein at length.

21. Defendant, Reading Recreation Commission, maintained a practice, policy, or custom with deliberate indifference to the Constitutional harm it caused to Plaintiff.

22. The Defendant, Reading Recreation Commission, knew that they were dealing on a daily basis with children who were emotionally insecure, needy, and unsupported, thus making those children more vulnerable to the attentions of employees prone to grooming and sexually abusing children.

23. The Defendant, Reading Recreation Commission, failed to create a culture within their organization where child sexual abuse was discussed, addressed, prevented and promptly reported.

24. The Defendant, Reading Recreation Commission, as a matter of policy and practice, has failed to adopt and/or enforce needed policies and, has failed to act, and acted with deliberate indifference as follows:

   a. To select and hire the best possible people for staff, supervisory and volunteer positions and to screen out individuals who have sexually abused youth or are at risk to abuse youth;

b. To adequately screen all potential employees during the hiring process;

c. To ensure the safety of children in their interactions with employees/volunteers and with each other;

d. To ensure having at least two adults present at all times with children in order to prevent the isolation of one adult and one child, which is a situation that elevates child sexual abuse and grooming behaviors;

e. To prevent, recognize, respond, and properly and timely report inappropriate and potentially harmful behaviors and to reinforce appropriate behaviors;

f. To ensure a safe environment for children consistent with appropriate standards;

g. To keep children from situations in which they are at increased risk for sexual abuse and being victimized by grooming behavior;

h. To recognize, prevent, respond to, and promptly report inappropriate behavior, breaches in policy and allegations and/or suspicions of child sexual abuse;

i. To adequately train, supervise and educate employees/volunteers and supervisors specific to child sexual abuse prevention and to educate in regards to the Reading Recreation Commission Child sexual abuse policies and procedures;

j. To include appropriate child sexual abuse policies and practices in a prevention plan;

k. To provide support for victims of child sexual abuse and their families;

l. To provide proper supervision of their employee, Austin Lewis Quigg.

m. To act and appropriately train its employees when the need for appropriate training was "so obvious" in light of a pattern of similar constitutional violations and the inadequacy of the existing training was "so likely" to result in the violation of constitutional rights.

n. To provide training on what employees and their supervisors were to do upon seeing inappropriate conduct, i.e. "red flags" between staff members and children.

o. To provide adequate training regarding precursor misconduct which would have caused one or more of the supervisors, employees or volunteers to either (1) report the misconduct they observed, or (2) recognize that Austin Lewis Quigg's behavior was precursor misconduct and report it as such in a timely manner.

25. The aforesaid conduct of the Reading Recreation Commission created a culture in which it was foreseeable and highly predictable that their employee Austin Lewis Quigg, could easily groom and sexually abuse the 11-year old female child Plaintiff, when said organization should have created a culture to prevent such an abuse.

26. Acting under color of law and pursuant to official policy, practice and/or custom the Reading Recreation Commission intentionally, knowingly and recklessly failed to instruct, supervise, control, train and discipline, on a continuing basis, their employee Austin Lewis Quigg, which would have prevented the female child's sexual abuse and subsequent injuries of the 11-year old female child Plaintiff.

27. The aforesaid conduct of Defendant Reading Recreation Commission constituted a deprivation of the 11-year old female child Plaintiff's constitutional rights guaranteed to her by the substantive component of the Due Process Clause of the Fourteenth Amendment regarding protection of her personal security and bodily integrity as further protected by 42 U.S.C §1983.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Reading Recreation Commission for such physical pain, mental anguish, discomfort, inconvenience and distress as she has endured from the time of the incidents in question until the present, for such pain, mental anguish, discomfort, inconvenience and distress that she will endure in the future as a result of the incidents in question and subsequent injuries/complications, for such embarrassment and humiliation that she has endured and will continue to endure in the future as a result of this sexual abuse, for past, present and future loss of her ability to enjoy the pleasures of life as a result, thereof, for mental and emotional suffering, for past, present and future loss of her earnings and earning capacity, for compensatory damages in an amount proved at trial, for

exemplary and punitive damages against Defendant Reading Recreation Commission, for costs of suit herein, including Plaintiff's reasonable attorney's fees and for such other and further relief as this Honorable Court deems appropriate.

## COUNT II
## JANE DOE A MINOR CHILD BY AND THROUGH JOHN DOE HER FATHER AND NEXT FRIEND
## VS.
## DAPHNE E. KlAHR, EXECUTIVE DIRECTOR OF THE READING RECREATION COMMISSION, IN HER OFFICIAL CAPACITY
## FOURTEENTH AMENDMENT VIOLATION-§ 1983

28. Paragraphs 1 through 27 of this Complaint are incorporated as if the same were set forth herein at length.

29. Plaintiff believes and therefore avers that Defendant, Daphne E. Klahr, in her individual and official capacity as Executive Director of the Reading Recreation Commission, at all pertinent times to this Complaint, was directly responsible for the formulation and implementation of policies which would protect the safety, personal security, bodily integrity and welfare of children such as the minor female Plaintiff, and that said Defendant, acting in her individual and official capacity, failed as previously described in this Complaint and said paragraphs as set forth herein as previously stated, in particular paragraph 24 of this Complaint. Furthermore, said policymaking

responsibilities included, but were not limited to, the training of Reading Recreation Commission employees, supervisors, and volunteers.

30. That Daphne E. Klahr, Executive Director of the Reading Recreation Commission, in her official capacity, acting under color of state law, deprived the minor female Plaintiff of her rights secured by the United States Constitution and §1983.

31. That said Defendant, Executive Director, in her official capacity, was the policymaker for the Defendant, Reading Recreation Commission, and is liable under §1983 because said Defendant acted with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the minor Plaintiff's constitutional harm.

32. Defendant, Daphne E. Klahr, (1) failed to act to appropriately train the employees of the Defendant Reading Recreation Commission; (2) the need for appropriate training was "so obvious" in light of a patten of similar constitutional violations; and (3) the inadequacy of the existing training was "so likely" to result in the violation of the minor female Plaintiff's constitutional rights.

33. Defendant, Daphne E. Klahr, failed to provide training , or implement policies, on what employees and their supervisors were to do upon seeing inappropriate conduct, i.e. "red flags" between staff members and children.

34. Defendant, Daphne E. Klahr, failed to provide adequate training, or implement policies, regarding precursor misconduct which would have caused one or more of the supervisors, employees or volunteers to either (1) report the misconduct they observed, or (2) recognize that Austin Lewis Quigg's behavior as precursor misconduct and report it as such in a timely manner.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant, Daphne E. Klahr, Executive Director, acting in her individual and official capacity, for such physical pain, mental anguish, discomfort, inconvenience and distress as she has endured from the time of the incidents in question until the present, for such pain, mental anguish, discomfort, inconvenience and distress that she will endure in the future as a result of the incidents in question and subsequent injuries/complications, for such embarrassment and humiliation that she has endured and will continue to endure in the future as a result of this sexual abuse, for past, present and future loss of her ability to enjoy the pleasures of life as a result, thereof, for mental and emotional suffering, for past, present and future loss of her earnings and earning capacity, for compensatory damages in an amount proved at trial, for exemplary and punitive damages against Defendant, Daphne E. Klahr, for costs of suit herein, including Plaintiff's reasonable attorney's fees and for such other and further relief as this Honorable Court deems appropriate.

## COUNT III
## JANE DOE A MINOR CHILD BY AND THROUGH JOHN DOE HER FATHER AND NEXT FRIEND
## VS.
## READING RECREATION COMMISSION
## TITLE IX VIOLATION

35. Paragraphs 1 through 34 of this Complaint are incorporated as if the same were set forth herein at length.

36. Defendant, Reading Recreation Commission violated the minor female Plaintiff's equal right to education under Title IX when officials failed to appropriately investigate and report her sexual abuse.

37. Defendant, Reading Recreation Commission, subjected the minor female Plaintiff to quid pro quo sexual harassment, or a sexually hostile educational environment.

38. Defendant, Reading Recreation Commission, and the appropriate person employed by Defendant had actual notice of the sexual harassment and/or sexually hostile educational environment.

39. Defendant, Reading Recreation Commission's response to the harassment amounted to deliberate indifference.

40. Defendant, Reading Recreation Commission, had actual notice of the misconduct and failed to respond.

41. Defendant, Reading Recreation Commission, knew the underlying facts, indicating sufficiently substantial danger to students, therefore being aware of the danger.

42. Plaintiff believes and therefore avers, that the Defendant, Reading Recreation Commission, directly or indirectly is the recipient of federal funding.

**WHEREFORE**, the minor female Plaintiff respectfully requests judgment against Defendant, Reading Recreation Commission, for such physical pain, mental anguish, discomfort, inconvenience and distress as she has endured from the time of the incidents in question until the present, for such pain, mental anguish, discomfort, inconvenience and distress that she will endure in the future as a result of the incidents in question and subsequent injuries/complications, for such embarrassment and humiliation that she has endured and will continue to endure in the future as a result of this sexual abuse, for past, present and future loss of her ability to enjoy the

pleasures of life as a result, thereof, for mental and emotional suffering, for past, present and future loss of her earnings and earning capacity, for compensatory damages in an amount proved at trial, for exemplary and punitive damages against Defendant Reading Recreation Commission for costs of suit herein, including Plaintiff's reasonable attorney's fees and for such other and further relief as this Honorable Court deems appropriate.

*David R. Dautrich*

David R. Dautrich, Esquire, P.C.
David R. Dautrich, Esq
Attorney for Plaintiff
PA Supreme Court ID # 34717
526 Court Street
Reading, PA 19601
610-375-9455   DRDESQ@AOL.com