UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE, A MINOR CHILD BY AND       :
THROUGH HER FATHER AND NEXT          :
FRIEND, JOHN DOE,                    :
                                     :       CIVIL ACTION NO. 5:21-cv-04851-JFL
                    Plaintiff        :
                                     :
        v.                           :
                                     :
READING RECREATION COMMISSION,:
and DAPHNE E. KLAHR, EXECUTIVE       :
DIRECTOR COMMISSION, in her official :
and individual capacities,           :
                                     :
                    Defendants       :

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DOC.1] PURSUANT TO F.R.C.P. 12(B)(6)

The Defendants above named, through counsel, MARSHALL DENNEHEY, hereby

submit this Memorandum of Law in support of their Motion to Dismiss the Plaintiff's Complaint

in its entirety and in support thereof states the following.

## I.       SALIENT FACTUAL BACKGROUND AS ALLEGED BY PLAINTIFF

The Reading Recreation Commission provides recreational facilities to citizens of the

City of Reading.  [DOC. 1, ¶4.]  Daphne E. Klahr is its Executive Director.  Id, ¶6.  The

Commission employed Austin Lewis Quigg.  Id., ¶9.  Austin Lewis Quigg engaged the minor

Plaintiff in various unlawful sexual activities on and off the playgrounds and facilities operated

by the Defendant, Reading Recreation Commission.  Id, at ¶¶ 10-19.

II.        ISSUES

      A.        Whether Plaintiff has failed to set forth a cause of action against the

      Defendant Reading Recreation Commission under the 14th Amendment to

      the U.S. Constitution through 42 U.S.C. Section 1983 for an alleged

      deprivation of the minor Plaintiff's constitutional rights to personal

      security and bodily integrity?

      B.        Whether Plaintiff has failed to set forth a cause of action against the

      Defendant, Daphne E. Klahr, in her official and individual capacities as

      the Executive Director of the Reading Recreation Commission under the

      14th Amendment to the U.S. Constitution through 42 U.S.C. Section 1983

      for an alleged deprivation of the minor Plaintiff's constitutional rights to

      personal security and bodily integrity?

      C.        Whether the Plaintiff has failed to set forth a cause of action under Title

      IX of the Civil Rights Act of 1964, as amended, against both Defendants?

SUGGESTED ANSWERS:  in the affirmative.

III.        LAW AND ARGUMENT

For the purposes of deciding a 12(b)(6) motion, the *Iqbal* and *Twombly* Courts revised

the traditional standard for pleading federal causes of action such that a trial court must

determine from a review of a complaint whether or not the facts sufficiently alleged plausibly set

forth a cause of action for which a defendant may be found liable.  *Ashcroft v. Iqbal, 556 U.S.*

*662, 129 S.Ct. 1937, 137 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127*

*S.Ct. 1955, 167 L.Ed.2d 929 (2007).   Twombly* made clear that while a plaintiff need not plead

2

specifically facts upon which to base a cause of action, neither will threadbare recitals suffice to state a claim, thereby abrogating the long-held standard in *Conley v. Gibson, 335 U.S. 41 (1957).*

Defendants submit that all three counts of Plaintiff's complaint fail under the standards of *Iqbal* and *Twombly* for the following reasons and should be dismissed.

## COUNT I

### Plaintiff vs. Reading Recreation Commission
### Fourteenth Amendment Violation – Section 1983

Count I of Plaintiff's Complaint purports to set forth a cause of action against the Defendant Reading Recreation Commission ("RRC") under the 14th Amendment to the U.S. Constitution through 42 U.S.C. §1983.   Paragraphs 21-27 of Count I set forth a vast number of "failures" by the RRC that allegedly resulted in constitutional harm to the minor Plaintiff which will be discussed below.

At the outset, it should be noted that Plaintiff has not identified a legal theory under the Fourteenth Amendment or §1983 that would assist counsel and the court to understand how the law protects the Plaintiff's identified rights to personal security and bodily integrity.

Plaintiff could have attempted to articulate a state-created danger theory.   However, in order to state such a claim, Plaintiff's complaint must include facts that fit each of the following elements set forth in *DeShaney v. Winnebago Cty. Soc. Servs. Dept., 489 U.S. 189, 109 S.Ct. 998, 103 L. Ed. 2d 249 (1989).*  In rendering its decision in *DeShaney,* the Supreme Court noted that "[the purpose of the 14th Amendment] is to protect the people from the State, not to ensure that the State protected them from each other."  *Id at 195-96.*  Moreover, the *DeShaney* Court clarified that 'it is only when the state takes custody of a citizen, thereby depriving him of his liberty, that it assumes an affirmative duty to protect him or her from harm…. The affirmative duty to protect arises not from the State's knowledge or from its expressions of intent to help

him, but from the limitation which it has imposed on his freedom to act on his own behalf." *Id.*

*at 199-200.*    In *Bright v. Westmoreland County, 443 F.3d 276 (3d Cir. 2006),* the Court

observed though, that, a constitutional violation might occur in the event a state authority is

affirmatively employed in a manner that injures a citizen or renders him 'more vulnerable to

injury from another source than he or she would have been in the absence of state intervention.'

*Id., citing Schieber v. City of Philadelphia, 320 F.3d 409 (3d Cir. 2003).*  Thus, a state-created

danger must include the essential elements to state a meritorious claim:

(1)  The harm ultimately caused was foreseeable and fairly direct;

(2)  A state actor acted with a degree of culpability that shocks the conscience;

(3)  A relationship between the state and the plaintiff existed such that the

"plaintiff was a foreseeable victim of the defendant's acts" or a "member of a

discrete class of persons subjected to the potential harm brought about by the

State's actions" as opposed to a member of the public in general; and

(4)  a state actor affirmatively used his or her authority in a way that created a

danger to the citizen of that rendered the citizen more vulnerable to danger

than had the state not acted at all."

Carving a further caveat to these conjunctive requirements, the court observed that

"liability under the state-created danger theory is predicated upon the state's *affirmative acts*

which work to the plaintiff's detriments in terms of exposure to danger." *Id., citing, D.R. by L.R.*

*v. Middle Bucks Area Vo. Tech. School, 972 F.2d 1364 (3d Cir. 1992) (emphasis supplied);*

*Brown v. Grabowski, 922 F.2d 1097, (3d Cir. 1990).*  In *Phillips v. Allegheny County, 515 F.3d*

4

*224 (3d Cir. 2008),* Judge Nygaard, writing for the bench, observed that the *Twombly* and *Iqbal* Courts require a 'showing' under FRCP 8 rather than a blanket assertion of a claim for relief. The complaint must have enough factual matter taken as true to suggest (the establishment) of a required element.  It is not enough to surmise that discovery will reveal evidence of the necessary element.  *Id.*  The Court must decide whether, under the set of facts set forth in a complaint, the matter can move forward into discovery, not to discover missing facts, but to support those alleged.

Moving beyond the procedural requirements for a pleading under Section 1983, the *Phillips* Court further observed that although individuals have a constitutional liberty interest in personal bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment, the Fourteenth Amendment does not impose an affirmative obligation on the state to protect its citizens.  *Id., citing D.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364 (3d Cir. 1992) citing Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); and Deshaney v. Winnebago Cnty Dept. of Soc. Servs., 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).*  Moreover, the *Phillips* Court observed that 'our jurisprudence requires that [Plaintiff] allege an affirmative action, rather than an inaction or omission.'  *Id., citing Bright, 443 F.3d 282, citing D.R. v. Middle Bucks Area Vo. Tech. Sc., at 1374.  See, also, Morrow v. Balaski, 719 F.3 160 (3rd Cir. 2013).*

Reviewing Plaintiff's claim under Count I, paragraphs 21-27 purport to identify what Defendant RRC "knew" and "failed to do" in spite of that knowledge.  For example, Plaintiff alleges at paragraph 22 that "Defendant RRC knew that they were dealing on a daily basis with children who were emotionally insecure…."; and at paragraph 23, "Defendant failed to create a culture within their organization where child sexual abuse was discussed, addressed, prevented

and promptly reported."  Paragraph 24, likewise, sets out 15 subparagraphs of "failures" with "deliberate indifference" that Defendant should have corrected in terms of creating and implementing policies and procedures to protect the minor Plaintiff from Austin Lewis Quigg.

It is respectfully submitted that the allegations set forth in Count I of Plaintiff's complaint fall woefully short of meeting the necessary elements of a state-created danger theory based upon affirmative acts of the Defendant.  Critically missing from the pleading is the identity or description of any affirmative action that was taken by the RRC that placed the minor Plaintiff in greater harm than she would have been in had the action not been taken.  Had such facts been pleaded, an analysis of the aforesaid *DeShaney* factors would likely be useful to assist the Court in determining whether the facts pleaded sufficiently suggest the elements.  However, based upon a host of missing facts resulting in a failure of pleading, a state-created danger under the 14th Amendment, Count I of Plaintiff's Complaint must fail.

Plaintiff's next option under 42 U.S.C. Section 1983 could be a *Monell* claim.  Under *Monell,* "failure to" claims, - failure to train, failure to discipline or failure to supervise… are generally considered a subcategory of policy and practice liability.  *Benedict v. Southwestern Pennsylvania Human Services, Inc., 98 F.Supp.3d 809 (Pa. W.D. 2015)*, *citing, Barkes v. First Corr. Med., Inc., 766 F.3d 307 (3d Cir. 2014).*  In *Monell v. Dept. of Soc. Serv. of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978),* our Supreme Court held that Congress did not intend for local governmental units to be included among the "persons" to whom Section 1983 applies.  Local governing bodies can only  be sued directly under Section 1983 for monetary, declaratory or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers.  And although the touchstone of the Section 1983

action is that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other "1983" person, may be sued for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels.  *Id. at 690.* Similar to the state-created danger analysis, Congress did not intend a local governmental agency to be liable simply by employing a tortfeasor; there is no *respondeat superior* liability.  *Id.*

Under the allegations of Plaintiff's Complaint, both the RRC and its Executive Director have been accused of negligence for failing to adopt policies and provide training under those policies that protected the minor plaintiff from its employee, Austin Lewis Quigg.   Plaintiff alternatively alleges in paragraph 26: "Acting under color of law and pursuant to official policy, practice and/or custom the RRC intentionally, knowingly, and recklessly failed to instruct, supervise, control, train and discipline on a continuing basis their employee Austin Lewis Quigg which would have prevented the [minor female plaintiff's] sexual abuse and subsequent injuries."

Defendants, RRC and Daphne E. Klahr, submit that, under *Monell,* an official policy or custom must be the moving force that causes the injury to a plaintiff.  *Id. at 694.*  Plaintiff has alleged at paragraph 24 that, "as a matter of policy and practice, the [RRC] has failed to adopt and/or enforce needed policies; and, has failed to act, and acted with deliberate indifference to [15 separate subcategories of] "failures" which would have prevented Plaintiff's harm.  [DOC. 1, ¶24 (a)-(o).]  In sum, Plaintiff alleges that a host of "failures" was the moving force in creating a culture that failed to protect the minor plaintiff from harm.  But Plaintiff must allege an "action" that was unconstitutionally performed by virtue of a custom or policy; not a failure, or an "inaction."  *Monell at 690.*  In other words, a failure of training may only be the basis for liability

where the actions of [officials] amounts to deliberate indifference to the rights of persons with whom the [officials] come into contact. *City of Canton, Ohio v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d. 412 (1989).*   In *Canton*, the Court noted that the first inquiry to be made in a claim alleging municipal liability is whether there is a causal link between the alleged policy, or lack thereof, and the constitutional violation.  Here, that inquiry cannot be answered with factual allegations in the complaint because there are no facts that link a failed policy, or lack of a policy, to the constitutional violation alleged.   Although Quigg was an employee of the RRC, even assuming as true that the RRC had no policies or training of employees to detect child abuse, there are no facts upon which to conclude that the lack of policies or training was the direct cause of the constitutional violation.  Under these facts as alleged, it is quite clear and likely true that Quigg abused the minor Plaintiff regardless of the existence of policies or training and there are no facts upon which this Court may conclude that actions taken by employees of the RRC were so clearly erroneous that a constitutional violation was inevitable or reasonably likely to occur.  Again, Plaintiff relies solely upon threadbare assertions and legal conclusions or recitation of elements to attempt to establish a claim.  But there are no facts upon which to base a showing such that discovery of information or documents would supply proof.

Such being the case, Plaintiff's allegations against the RRC cannot be said to state a claim under *Monell*  because Plaintiff is claiming a failure or want of policy, a failure or want of custom, a failure or want of training and supervising and disciplining without any particularized factual support to suggest the necessary elements in a showing that such actions allegedly caused Plaintiff's harm.  Therefore, Plaintiff has failed to plead sufficient facts to show a claim under *Monell*.

COUNT II

PLAINTIFF VS. DAPHNE E. KLAHR, EXECUTIVE DIRECTOR, IN HER
OFFICIAL CAPACITY 14TH AMENDMENT – Section 1983

Plaintiff has pled *both* official and individual capacity claims against Defendant Klahr as the Executive Director of the RRC, who, "was directly responsible for the formulation and implementation of policies which would protect the safety, personal security, bodily integrity and welfare of children such as the minor Plaintiff and that, acting in both her official and individual capacities, "failed as previously described in paragraph 24 of this complaint."   At paragraph 29, Plaintiff also alleges that Defendant Klahr's responsibilities also included "training of employees, supervisors and volunteers."   In paragraph 31, Plaintiff further alleges that Defendant Klahr acted "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the minor Plaintiff's constitutional harm."  The balance of the allegations in paragraphs 32-34 set forth "failures" that caused employees to overlook a similar pattern of constitutional violations that were "so obvious" and that the inadequacy of the existing training was "so likely" to result in a violation of the minor plaintiff's constitutional rights.

Defendant, Klahr, submits that the pleading of Count II is devoid of a theory of liability under the 14th Amendment and 42 U.S.C. Section 1983 from which this court and counsel could review the necessary elements, review the facts, and determine whether a showing of a constitutional violation has been made at the pleading stage.  From a state-created danger theory, Count II is devoid of any affirmative acts to which the Plaintiff has pointed out in paragraph 24 (a)-(o) that establish the "action" element necessary to state a cause of action on this theory. Moreover, official capacity claims are redundant to claims against the governmental agency and therefore, this claim should be dismissed.  *Monell.*

With respect to the Plaintiff's claim against Defendant Klahr in her individual capacity, there are two theories under which Plaintiff may have proceeded.  With respect to the first theory, Plaintiff must allege facts that establish supervisor liability such that she affirmatively acted in a manner and with deliberate indifference to the consequences that established a policy, practice or custom which caused constitutional harm.  *Sheils v. Bucks County Domestic Relations Section et, al., 921 F.Supp.2d 396 (E.D., PA 2013), citing A.M. ex. rel. J.M.K. v. Luzerne County Juv.Det. Ctr., 372 F.3d 572 (3d Cir. 2004).*   Plaintiff does not allege any facts that establish a showing of any action in contravention of and with deliberate indifference to a violation of the minor Plaintiff's right to bodily integrity that caused harm. With respect to the second theory, Count II is also devoid of any factual allegations that support a theory that the supervisor actually took part in violating Plaintiff's rights, directed others to violate them, or as the person in charge, had knowledge of and acquiesced in a subordinate's violations.  *Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010).*

The problem with this Count and both avenues of potential liability that could have been pleaded is that plaintiff cites no facts that connect any identified policy or custom that Defendant Klahr allegedly either did personally, or failed to employ, that created an unreasonable risk of harm to the minor Plaintiff by Austin Lewis Quigg.  By simply alleging that Defendant Klahr "failed to" create a culture of awareness of [Austin Lewis Quigg's tendencies towards the minor Plaintiff] that, if implemented, would have protected the minor plaintiff from him, Plaintiff falls short of meeting the requisite standards of pleading under the jurisprudence of our Circuit. Neither does this pleading identify any specific alleged supervisory act, practice or procedure that Defendant Klahr performed outside of a written policy that placed the minor plaintiff unreasonably in harm's way in violation of her constitutional right to bodily integrity.  There is

simply no specific, factual description of the content of a policy, a custom, or a practice that was

unconstitutional on its face, or as applied by Defendant Klahr, that caused plaintiff's harm.

Likewise, there are no specific facts describing a supervisory act committed personally by

Defendant Klahr that placed the minor plaintiff in harm's way.

Consequently, whether in her official capacity, or individual capacity, Plaintiff has failed

to state a claim against Defendant Klahr upon which relief can be granted and therefore Count II

should be dismissed.

COUNT III

Plaintiff vs. Reading Recreation Commission
Alleged Title IX Violation

Once again, Defendants  that submit that Plaintiff's pleading falls short of the

requirements necessary to state a cause of action under the theory alleged.  Here, Plaintiff claims

that the Defendant, RRC, violated Title IX by failing to investigate and report sexual abuse.

Taking these allegations are true, as we must, Plaintiff has not articulated facts to show that Title

IX applies to these Defendants.  To wit, Title IX, 20 U.S.C.A. Section 1681, was designed to

protect school students from gender discrimination in education.  In fact, the statute sets forth the

following in pertinent part:

> "(a) No person in the United States shall, on the basis of sex, be excluded from
> participation in, be denied the benefits of, or be subjected to discrimination
> under any education program, or activity, receiving Federal Financial
> assistance, except that:
>
> **(1)  Classes of educational institutions subject to prohibition**
>
> (c )  Educational Institutions defined
>
>> For purposes of this chapter an educational institution means any
>> public or private pre-school, elementary or secondary school, or
>> any institution of vocational, professional or higher education,
>> except that in the case of an educational institution composed of

> more than one school, college or department which are administratively separate units such term means each such school, unit or department."

In the case at bar, it is clear that the Defendant Reading Recreation Commission, from the allegations of the Complaint, is not a public or private school, or an educational facility of any kind.  Simply because Plaintiff alleges that the City and the School District of Reading have partnered to create places of recreation throughout the City for the benefit of children and adults by providing playgrounds and other facilities, no reasonable inference can be drawn that those entities have unwittingly created an educational environment subject to Title IX liabilities as Plaintiff in this case would suggest.  To the contrary, no Title IX jurisdiction exists that creates liability for a non-educational institution.  Such being the case, Count III must be dismissed.

Moreover, Plaintiff has done nothing more in Count III than recite elements of a Title IX legal standard.  There are no facts pleaded under FRCP 8 that would suffice to establish any element of a legal theory under Title IX.   Therefore, Plaintiff's pleading of an alleged Title IX violation cannot withstand judicial scrutiny under Rule 8 or Rule 12(b)(6) and should be dismissed.

## CONCLUSION

For all of the foregoing reasons, and those set forth in the Certificate attached, Defendants respectfully request this Honorable Court to dismiss Counts I-III with prejudice.

Respectfully submitted,

MARSHALL DENNEHEY

BY: ___/s/Sharon M. O'Donnell_____
Sharon M. O'Donnell, Esquire
PA I.D. No. 79457

100 Corporate Center Dr., Suite 201
Camp Hill, PA  17011
(717) 651-3503  Fax (717) 651-3707
smodonnell@mdwcg.com
*Attorneys for Defendants, Reading*
*Recreational Commission and*
*Daphne E. Klahr*

DATE:  December 6, 2021

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, A MINOR CHILD BY AND | : | |
| THROUGH HER FATHER AND NEXT | : | |
| FRIEND, JOHN DOE, | : | |
| | : | CIVIL ACTION NO. 5:21-cv-04851-JFL |
| Plaintiff | : | |
| v. | : | |
| | : | |
| READING RECREATION COMMISSION,: | | |
| and DAPHNE E. KLAHR, EXECUTIVE | : | |
| DIRECTOR COMMISSION, in her official | : | |
| and individual capacities, | : | |
| | : | |
| Defendants | : | |

**CERTIFICATION OF COUNSEL**

**PER JUDGE LEESON'S POLICIES AND PROCEDURES**

**Section 2**

**I, Sharon M. O'Donnell, PA Bar ID#79457 hereby certify that I contacted David Dautrich, Esquire, opposing counsel, to discuss my intention to file a motion to dismiss the complaint in its entirety; that Mr. Dautrich and I discussed the claims; that at the conclusion of our conversation, Mr. Dautrich was unwilling to make changes or revisions to his pleading and agreed to waive the 5-day rule in the event the same was necessary before this motion was filed. I further certify that this conversation took place by telephone on Wednesday December 1, 2021, at 11:00 a.m.**

**MARSHALL DENNEHEY**

**BY:** _/s/Sharon M. O'Donnell_
**Sharon M. O'Donnell, Esquire**
**PA I.D. No. 79457**
**100 Corporate Center Dr., Ste. 201**
**Camp Hill, PA  17011**
**(717) 651-3503  Fax (717) 651-3707**
**smodonnell@mdwcg.com**

*Attorneys for Defendants, Reading*
*Recreational Commission and*
*Daphne E. Klahr*

**DATE:  December 6, 2021**

## CERTIFICATE OF SERVICE

I, Sharon M. O'Donnell, Esquire hereby certify that a true and correct copy of the

foregoing  Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint, and

Certification of Counsel, was electronically filed with the Court this date and is available for

viewing and downloading from the ECF System.


                                             MARSHALL, DENNEHEY

DATE:   December 6, 2021              BY:    /s/ Sharon M. O'Donnell
                                             Sharon M. O'Donnell, Esquire
                                             PA I.D. No. 79457
                                             100 Corporate Center Dr., Suite 201
                                             Camp Hill, PA  17011
                                             (717) 651-3503
                                             Fax (717) 651-3707
                                             smodonnell@mdwcg.com

LEGAL/142784357.v1