UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, *A MINOR CHILD BY AND THROUGH HER FATHER AND NEXT FRIEND, JOHN DOE*<br>    Plaintiff,<br><br>        v.<br><br>READING RECREATION COMMISSION, and DAPHNE E. KLAHR, *EXECUTIVE DIRECTOR*,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:  No. 5:21-cv-04851<br>:<br>:<br>:<br>: |

# O R D E R

**AND NOW**, this 2nd day of February, 2022, upon consideration of Defendants' Motion to Dismiss, *see* ECF No. 10,[1] and of Plaintiff's response thereto, *see* ECF No. 11, **IT IS HEREBY ORDERED THAT:**

1. The Motion to Dismiss,[2] ECF No. 10, is **DENIED**.[3]

---

[1] Defendants argue that Plaintiff has failed to allege sufficient facts to show that Defendants are state actors. *See Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) ("To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States.").

[2] In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

[3] At this early stage of the proceedings, the Court finds that Plaintiff has alleged sufficient facts that Defendants are state actors. *See, e.g.* Am. Compl. ¶¶ 5-19, ECF No. 8 (alleging, *inter*

2.     **Within fourteen days of the date of this Order**, Defendants shall file an answer to the First Amended Complaint.  *See* Fed. R. Civ. P. 12(a)(4)(A).

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

*alia*, that the Defendant, Reading Recreation Commission, is a de facto partnership with the City and the School District, that the City and the School District formed the Reading Recreation Commission to organize, manage, and supervise recreation and educational programs for the City, and that the members of the Reading Recreation Commission are appointed by City and School Board officials); *Cintron v. City of Phila.*, No. 19-4078, 2020 U.S. Dist. LEXIS 87630, at *26-28 (E.D. Pa. May 19, 2020) (concluding that the plaintiff's allegation that although the defendant is a non-profit organization, it functions as a unit and part of the City's Police Department was sufficient to plausibly allege the defendant was acting under color of state law).