UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JANE DOE, A MINOR CHILD BY AND        :
THROUGH HER FATHER AND NEXT           :
FRIEND, JOHN DOE,                     :
                                      :        CIVIL ACTION NO. 5:21-cv-04851-JFL
                    Plaintiff         :
        v.                            :
                                      :
READING RECREATION COMMISSION,:
and DAPHNE E. KLAHR, EXECUTIVE        :
DIRECTOR COMMISSION, in her official  :
and individual capacities,            :
                                      :
                    Defendants        :        FILED ELECTRONICALLY


**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT [DOC.8]
PURSUANT TO F.R.C.P. 12(B)(6)</u>**

## **TABLE OF CONTENTS**

Table of Authorities ......................................................................................... ii

Statement of Facts............................................................................................. 1

Statement of Questions Presented................................................................... 1

    A.  PLAINTIFF HAS FAILED TO STATE A LEGALLY COGNIZABLE CLAIM UNDER 42 U.S.C. § 1983 AGAINST THE RCC IN COUNT I BECAUSE THE RCC IS NOT A STATE ACTOR ................................................................. 4

    B.  PLAINTIFFS HAVE FAILED TO STATE A LEGALLY COGNIZABLE CLAIM UNDER 42 U.S.C. § 1983 AGAINST  DEFENDANT DAPHNE E. KLAHR IN COUNT II BECAUSE DEFENDANT KLAHR IS NOT A STATE ACTOR ........................................................................................ 7

    C.  PLAINTIFFS HAVE FAILED TO SET FORTH A CAUSE OF ACTION UNDER TITLE IX OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AGAINST THE RCC ........................................................................... 11

    D.  PLAINTIFFS HAVE FAILED TO SET FORTH SUFFICIENT FACTS TO ESTABLISH PRIMA FACIE NEGLIGENCE CLAIMS AGAINST THE RCC OR DEFENDANT KLAHR IN COUNTS IV AND VI OF THE SECOND AMENDED COMPLAINT ........................................................................ 13

    E.  PLAINTIFFS HAVE FAILED TO SET FORTH FACTS TO ESTABLISH A PRIMA FACIE BREACH OF FIDUCIARY CLAIM AGAINST THE RCC OR KLAHR IN COUNTS V AND VII OF THE SECOND AMENDED COMPLAINT ...................................................................................... 15

    F.  PLAINTIFFS' VICARIOUS LIABILITY CLAIM IN COUNT VIII FAILS AS A MATTER OF LAW AND MUST BE DISMISSED .................................... 15

    G.  IN THE ALTERNATIVE, ALL COUNTS AGAINST DAPHNE E. KLAHR, IN HER OFFICIAL CAPACITY, MUST BE DISMISSED ...................... 17

    H.  IN THE ALTERNATIVE, ALL COUNTS FOR STATE COMMON LAW TORTS AGAINST DEFENDANT, READING RECREATION COMMISSION, MUST BE DISMISSED ........................................................................... 18

Summary of Argument ..................................................................................... 2

Law and Argument ........................................................................................... 3

Conclusion ..................................................................................................... 21

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*American Mfg. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) ....................................... 10

*Anderson v. Abington Heights Sch. Dist.,* 2017 WL 6327572 at *15 (M.D. Pa. Dec. 11, 2017) *aff'd*, 779 F. App'x 904 (3d Cir. 2019) ................................................................. 15

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ............................................................ 3,4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 3

*Berg v. County of Allegheny*, 2219 F.3d 261 (3d Cir. 2000) ........................................... 4

*Brisbine v. Outside-In School of Experiential Education, Inc.,* 799 A.2d 89, 93 (Pa. Super. 2002) ............................................................................................................. 19

*Brown v. Commonwealth*, 318 F.3d 473 (3d Cir. 2003) ................................................. 4

*Cuthbert v. Philadelphia*, 209 A.2d 261, 263 (Pa. 1965) ............................................. 19

*Cuvo v. De Biasi*, 169 Fed. Appx. 688, 693 (3d Cir. 2006) .....................................17-18

*Dempsey v. Bucknell Univ.,* 76 F. Supp. 3d 565, 585 (M.D. Pa. 2015) ........................ 16

*De Tillo v. Carlyn Center, Inc.,* 206 A.2d 376, 378 (Pa. 1965) ................................... 19

*Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ........................................ 4

*Doe v. Liberatore*, 478 F. Supp. 2d at 761 ................................................................. 14

*Faparusi v. Case W. Reserve Univ.,* 711 Fed. App'x 269 (6th Cir. 2017) .................6-7

*Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (1979) ............................................. 16

*Flagg Bros., Inc. v. Brooks*, 439 U.S. 149 (1978) ........................................................ 9

*Foglesong v. Somerset Cnty.,* 2013 U.S. Dist. LEXIS 29767, at *28-30 (W.D. Pa. 2013) ................................................................................................... 18

*Forlina v. Doe,* 2019 WL 5188400, at *7 (E.D.Pa. 2019) ............................................. 8

*Gonzalez v. Feiner*, 131 Fed. Appx. 373, 377 (3rd Cir. 2003) ...................................... 5

*Gutteridge v. A.P. Green Services*, 804 A.2d 643, 655 (Pa. Super. 2002) *appeal denied* 829 A.2d 1158 (Pa. 2003) ................................................................................................ 19

*Hafer v. Melo*, 502 U.S. 21, 25 (1991) ......................................................................... 17

*Hamilton v. Radnor Twp.,* 545 F. Supp. 3d 244 (E.D. Pa. 2021) ................................. 7,8

*Heineke v. Santa Clara University,* 965 F.3d 1009 (9th Cir. 2020) ............................... 6

*Hutchinson ex rel. Hutchinson v. Luddy*, 742 A.2d 1052, 1059 (Pa. 1999) ................. 14

*In re Scott's Estate*, 316 A.2d 883, 885 (Pa. 1974) ...................................................... 15

*Joner v. Bd. of Ed. of the School Dist. of Phila.,* 496 A.2d 1288 (Pa. Commw. 1985) ............... 18

*Kach v. Hose*, 589 F.3d 626 (3d Cir. 2009) ......................................................... 7, 8, 10

*Kane v. Chester Cnty. Dep't of Child., Youth & Fams.,* 10 F. Supp. 3d, 671, 694 (E.D. Pa. 2014) ................................................................................................................ 20

*Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1996 ................................................................ 4

*Kougher v. Burd*, 2007 U.S. Dist. LEXIS 8416 (M.D. Pa. 2007) ................................... 4

*Logan v. Bennington College Corp.*, 73 F.3d 1017 (2nd Cir. 1995) ............................... 6

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S. Ct. 277, 73 L.Ed. 2d 482 (1982) ........... 4, 10

*Madero v. Luffey, 439 F. Supp. 3d 493, 514 (W.D. Pa. 2020)* .................................... 9

*Mascaro v. Youth Study Center,* 523 A.2d 1118, 1120 (Pa. 1987) ............................... 19

*McTernan v. City of York*, 564 F. 3d 636 (3rd Cir. 2009) ............................................. 3

*Miseo v. Ross Township Police Dept.,* 607 A.2d 806 (Pa. Commw. 1992) ............... 18, 19

*Moore v. City of Philadelphia*, 2014 U.S. Dist. LEXIS 27894 at *7-11 (E.D.Pa. Mar. 5, 2014) .18

*Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 462 (1999) ................... 11, 12, 13

*Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (pa. 2011) ............................................. 13

*R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692, 699 (2000) ........................ 16

*R.D. v. Shohola, Inc.*, 2018 WL 5920640 at *4 (M.D. Pa. 2018) ................................. 13

*Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) ................................................................ 6

*Rose v. Dellaciprete*, 845 F.2d 1195 (3d Cir. 1988) ..................................................... 4

*Sanchez by Rivera v. Montanez*, 645 A.2d 383 (1994) ........................................... 16, 17

*Smith v. Sch. Dist. of Phila.,* 112 F. Supp. 2d 417, 425 (E.D. Pa. 2000) .................... 17

*U.S. Dep't of Transp. v. Paralyzed Veterans of Am.,* 477 U.S. 597 (1986).......................... 11, 12

*Vicky M. v. Ne. Educ. Intermediate Unit*, 19, 486 F. Supp. 2d, 437, 461 (M.D. Pa. 2007).... 15, 16

*Waites v. City of Philadelphia*, 2001 U.S. Dist. LEXIS 5547 at *6 (E.D.Pa. March 5, 2001) ..... 17

*West v. Atkins,*  487 U.S. 42 (1988) .............................................................................. 10

## STATUTES AND RULES

42 Pa. C.S. § 8541.................................................................................................... 3, 18

42 U.S.C. § 1983.......................................................................................... 1, 2, 4, 5, 7, 9, 10

20 U.S.C. § 1681(a) ................................................................................................. 11

Fed. R. Civ. P. 12(b)(6)............................................................................................. 3

Title IX of the Civil Rights Act of 1964, as amended ........................................... 2, 6, 11, 12, 13

Restatement (Second) of Torts § 874 cmt. a (1979) ............................................. 13, 15

iv

The Defendants, Reading Recreation Commission ("RCC") and Daphne E. Klahr (collectively referred to "Defendants"), through counsel, MARSHALL DENNEHEY, hereby submit this Memorandum of Law in support of their Motion to Dismiss the Plaintiffs' Second Amended Complaint in its entirety and in support thereof states the following.

## I.      STATEMENT OF RELEVANT FACTS

The Reading Recreation Commission is a Pennsylvania Domestic non-profit corporation. [DOC. 8, ¶4.]   It's Articles of Incorporation reflect a purpose of providing "recreational and educational programs for residents of the City of Reading."   *Id*. at ¶6.  Daphne E. Klahr is its Executive Director.  *Id*., ¶11.  The Commission employed Austin Lewis Quigg.  *Id*., ¶20.  Austin Lewis Quigg engaged the minor Plaintiff in various unlawful sexual activities on and off the playgrounds and facilities operated by the Defendant, Reading Recreation Commission.  *Id*., at ¶22.

## II.     STATEMENT OF QUESTIONS PRESENTED

A. Whether Plaintiffs have failed to set forth a cause of action against the Defendant RCC under the 14th Amendment to the U.S. Constitution through 42 U.S.C. Section 1983 in Count I for an alleged deprivation of the minor Plaintiff's constitutional rights to personal security and bodily integrity?

B.  Whether Plaintiffs have failed to set forth a cause of action against the Defendant, Daphne E. Klahr, in her official capacity, as the Executive Director of the RCC under the 14th Amendment to the U.S. Constitution through 42 U.S.C. Section 1983 for an alleged deprivation of the minor Plaintiff's constitutional rights to personal security and bodily integrity?

C.   Whether the Plaintiffs have failed to set forth a cause of action under Title IX of the Civil Rights Act of 1964, as amended, against the RCC?

D.   Whether Plaintiffs have failed to set forth facts to establish a *prima facie* negligence claim against the RCC and Daphne E. Klahr in Counts IV  and VI of the Second Amended Complaint?

E.   Whether Plaintiffs have failed to set forth facts to establish *prima facie* breach of fiduciary claims against the RCC and Daphne E. Klahr in Count V and VII of the Second Amended Complaint?

F.   Whether Plaintiffs' vicarious liability claim in Count VIII fails as a matter of law and must be dismissed?

G.   In the alternative, whether all counts against Daphne E. Klahr,  in her official capacity, must be dismissed?

H.   In the alternative, whether all counts for state common law torts against Defendant, the RCC, must be dismissed?

*SUGGESTED ANSWERS TO ALL OF THE ABOVE:  in the affirmative.*

## III.   SUMMARY OF ARGUMENT

Through the filing of Defendants' Motion to Dismiss and instant Memorandum of Law, Defendants are seeking the dismissal of Plaintiffs' Second Amended Complaint. The Second Amended Complaint lacks sufficient facts to establish that Defendant, the RCC and Defendant Klahr are state actors for purposes of Section 1983 liability, accordingly Defendants submit that Counts I and II of the Second Amended Complaint should be dismissed. Furthermore, Plaintiffs' Title IX claim against the RCC in Count III is also deficient in that Plaintiff has failed to plead sufficient facts to establish that the RCC is a recipient of federal funding to bring it within the scope of Title IX. Additionally, Plaintiffs have failed to set forth sufficient facts to establish *prima*

*facie* claims of negligence and breach of fiduciary duty against the RCC and Klahr in Counts IV-VII, warranting the dismissal of such claims. Accordingly, because Plaintiffs have failed to establish liability on the part of Defendant Klahr or any other employees of the RCC, they cannot sustain a vicarious liability claim against the RCC, and as such, Count VIII must also be dismissed.

Lastly, Defendants assert two arguments in the alternative, to the extent that the Court disagrees with their position, and views the RCC as a state actor. In such instant, Defendants maintain that Plaintiffs' state common law tort claims against the RCC must be dismissed at the outset pursuant to the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq*. Similarly, in the event that this Honorable Court recognizes the RCC as a state actor (which again, the Defendants deny),  all claims asserted against Defendant Daphne Klahr, in her official capacity, must be dismissed as redundant, as well.

## IV.    LAW AND ARGUMENT

A party may move to dismiss a plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) to challenge the legal sufficiency of the complaint.  In deciding a motion to dismiss, the court must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York*, 564 F. 3d 636 (3rd Cir. 2009) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." *Id*. In the instant matter, Defendants submit that Plaintiffs' claims in the Second Amended Complaint fail under the standards of *Iqbal* and *Twombly* for the the reasons more fully set forth below.

### A. PLAINTIFF HAS FAILED TO STATE A LEGALLY COGNIZABLE CLAIM UNDER 42 U.S.C. § 1983 AGAINST THE RCC IN COUNT I BECAUSE THE RCC IS NOT A STATE ACTOR

Section 1983 provides a federal cause of action for an alleged violation of an individual's constitutional rights. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).   It is well settled that 42 U.S.C. §1983 is a not a source of substantive rights; it is merely a vehicle to vindicate violations of federal law committed by "state actors." *Kneipp v. Tedder*, 95 F.3d 1199 (3d. Cir. 1996)  To plead a claim under §1983, a plaintiff must allege a "deprivation of a right secured by the Constitution and the laws of the United States . . . by a person acting under color of State law." *Id.* (citations omitted.)  Therefore, the threshold issue presented by any §1983 case is whether a plaintiff has sufficiently alleged a deprivation by a state actor of a right secured by the Constitution. *Brown v. Commonwealth*, 318 F.3d 473 (3rd Cir. 2003)(emphasis added).   It is the Plaintiffs' burden to "identify the exact contours of the underlying right said to have been violated." *Berg v. County of Allegheny*, 219 F.3d 261 (3d. Cir. 2000).  Further, liability under §1983 "is personal in nature and can only follow personal involvement in the alleged wrongful conduct, shown through specific allegations of personal direction or of actual knowledge and acquiescence." *Rose v. Dellaciprete*, 845 F. 2d 1195 (3rd Cir. 1988). It thus follows that state action is a prerequisite to liability under §1983. *Kougher v. Burd*, 2007 U.S. Dist. LEXIS 8416 (M.D. Pa. 2007) *citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).  "The deprivation must be caused by the exercise of some right or privilege created by the State... or by a person who may fairly be said to be a state

actor." *Id.* "[A]ctions of private citizens, without any showing of state action, do not give rise to a cognizable §1983 claim." *Gonzalez v. Feiner*, 131 Fed. Appx. 373, 377 (3rd Cir. 2003).

Here, Plaintiffs cannot meet their threshold burden. But for their insufficient and conclusory allegations, Plaintiffs have failed to sufficiently allege that the RCC is a state actor or that it has stood in the shoes of the state enough to be qualified as a state actor pursuant to the applicable law. Instead, Plaintiffs incorporated certain conclusory allegations in the Second Amended Complaint in efforts to improperly classify the RCC as a state actor for liability purposes under Section 1983. By way of illustration, Plaintiffs allege in Paragraph 19 that Defendants were "acting under color of State Law." Notably, however, this conclusory allegation amounts to nothing more than a mere recitation of a requisite element of a Section 1983 claim and is not a sufficient factual averment to support such claim.

Furthermore, from a fair review of the allegations in the Second Amended Complaint, the Second Amended Complaint is completely devoid of facts from which a showing of "state action" could be made against the RRC. Rather, the allegations speak only to the origin and purpose of the RCC through its references to RCC's Articles of Incorporation and By-Laws. For example, Plaintiffs assert in Paragraph 4, that "Defendant Reading Recreation Commission is a Pennsylvania *domestic non-profit corporation* with offices located at 1613 Palm Street, Reading, Berks County, Pennsylvania." Defendants respectfully request that this Honorable Court take judicial notice of the fact that government entities are created by legislation or executive order and not by the filing of Articles of Incorporation with the state corporation bureau.

Secondly, at Paragraph 5, Plaintiffs aver that "Defendant Reading Recreation Commission is a 'de facto partnership' between the City of Reading and the School District of Reading." It should be noted however that private entities, such as the RCC, are not automatically subsumed

into government activities by virtue of their creation via local governmental entities.  As well, in the ensuing paragraphs, Plaintiffs lift from the Articles of Incorporation and By-Laws various paragraphs setting forth the purpose and intent of the RCC, none of which set forth an intent to create a governmental entity of any kind, none of which indicate an intent to be powered by the force of the state to wield authority over the community for its safety and welfare.  On the contrary, a fair reading of Plaintiffs' allegations infer that this Commission's purpose is to provide [after-school] recreational and educational programs for the enjoyment of the community.  Tellingly, these programs are not alleged to be mandatory, not alleged to be required for students to attend for credit or via court order.   Stated plainly, no allegation has been made to show that RRC wields the power or authority of the state, city or public school district as part of its construct.

Moreover, at Paragraphs 12-13, Plaintiffs allege that the City of Reading and the School District of Reading received federal funds and therefore, by extension, the Defendant, the RCC is in "indirect recipient" of federal funds.  However, in *Rendell-Baker vs. Kohn, 457 U.S. 830, (1982),* our Supreme Court refused to accept the premise that federal funding alone establishes the existence of a state actor.  Therefore, Plaintiffs' allegation that Defendant, Reading Recreation Commission, is an "indirect recipient of federal funding" amounts to nothing more than an unavailing attempt to create state action where none exists.

Lastly, at Paragraph 14, Plaintiffs allege that the By-Laws of the Commission require adherence to law, "including Title IX."  While the language of the By-Laws as alleged, may yet to be proved, the mere fact that the Commission is required to follow the law does not make it a state actor.  *Heineke v. Santa Clara University, 965 F.3d 1009 (9th Cir. 2020)(citing, Logan v. Bennington College Corp., 73 F.3d 1017 (2nd Cir. 1995) and Faparusi v. Case W. Reserve Univ.,*

*711 Fed. App'x 269 (6th Cir. 2017).* Accordingly, for the reasons set forth above, Plaintiffs' 14th Amendment Claim against the RCC at Count I fails as a matter of law and must be dismissed.

### B. PLAINTIFFS HAVE FAILED TO STATE A LEGALLY COGNIZABLE CLAIM UNDER 42 U.S.C. §1983 AGAINST DEFENDANT DAPHNE E. KLAHR IN COUNT II BECAUSE DEFENDANT KLAHR IS NOT A STATE ACTOR

In support of Count II in Plaintiffs' Second Amended Complaint, Plaintiffs have targeted the Executive Director, Daphne Klahr, for allegedly failing to create and enforce policies and a culture of security and safety in the RCC, which purportedly allowed the perpetrator (Austin Quigg) to commit his crimes against the minor Plaintiff. Notably, since Plaintiffs have opted not to name Austin Quigg, individually, in this matter it is not necessary to analyze whether or not Quigg was acting under color of state law at the time he committed any crimes. Rather, the pertinent issue is whether or not Daphne Klahr, the Executive Director, was acting as a state actor for purposes of Section 1983 liability. Defendants submit that she was not for the reasons more fully set forth below.

The analysis employed by this Honorable Court in *Hamilton v. Radnor Twp*., 545 F. Supp. 3d 244 (E.D. Pa. 2021) can serve as guidance in this case. In *Hamilton,* when ruling on a motion to dismiss, Judge Goldberg set forth a relevant discussion, *inter alia*, to determine whether the plaintiff's neighbors, *i.e.* private actors, were acting in concert with state officials for purposes of Section 1983 liability. In such matter, Judge Goldberg noted that the Third Circuit has instructed trial courts to ask whether "a private party has acted with the help or in concert with state officials" to aid in making such determination. *Id., citing Kach v. Hose, 589 F.3d 626 (3d Cir. 2009).* Further, while undergoing his analysis, Judge Goldberg recognized that a Section 1983 claim can survive a motion to dismiss if sufficient facts are alleged that "the private actor willfully

participated in a joint action or conspiracy with the state actor to deprive the plaintiff of a constitutional right." *Id*. at 251, *citing Forlina v. Doe*, 2019 WL 5188400, at *7 (E.D.Pa 2019). Ultimately, after undergoing the aforementioned analysis in *Hamilton*, the Court held that plaintiff had sufficiently alleged the existence of a conspiracy between the state officials and private actor defendants and a resultant deprivation of plaintiff's civil rights. *Hamilton*, 545 F. Supp. 3d at 251. Consequently, Judge Goldberg denied the motion to dismiss, in part, on such grounds. *Id*.  Unlike the *Hamilton* plaintiff, however, Plaintiffs in the instant matter have failed to plead sufficient facts to establish that the RCC has acted in concert with state officials to deprive Plaintiffs of a constitutional right.

By way of further explanation, noticeably absent from the entirety of Plaintiffs' original and subsequent Amended Complaints are verifiable facts from which a court could infer that Quigg, or Klahr, acted with the help, or in concert with anyone from the School District or the City of Reading (whether or not they are the board members of the RRC) to deprive Plaintiffs of any constitutional rights. Additionally, the Second Amended Complaint is devoid of any allegations that Defendant Klahr acted willfully to deprive the Plaintiffs of a constitutional right. Nevertheless, although Plaintiffs have alleged that Klahr had the responsibility to make and enforce policy, tellingly they do not allege that those policies were created with the help, or in concert with the school district or the city, the representatives of each that comprise the board, or any other state official.  There is no policy allegedly created by Klahr as the "policy maker" and cited by Plaintiffs in the Second Amended Complaint that gave rise, caused, or allowed Quigg to perpetrate his crimes against the minor Plaintiff.  Because Plaintiffs have failed to set forth factual allegations that our federal jurisprudence would accept to create state action, their claims are nothing short of contrivance, conjecture and conclusions.

Nevertheless, as noted above, Paragraph 19 alleges, "Defendants, and all of their employees and agents, acted under color of state law" presumably in efforts to classify Defendant Klahr as a state actor.  Once more, however, this allegation is nothing but a 'mere conclusion' which this Court should reject. Again, there are no facts that suggest that any action on the part of Klahr, or any policy that she purportedly made with the help or in concert with any state actor or governmental entity, violated the minor Plaintiff's constitutional rights.  In the absence of a specific policy, there is no action committed by Klahr that is articulated in the Second Amended Complaint that could possibly give rise to Plaintiff's injuries.

Furthermore, Plaintiffs do not articulate a course of conduct that could be deemed by the Court as a "policy" or a custom to support a Section 1983 claim against Klahr. Arguably, it efforts to overcame this hurdle, Plaintiffs assert a generic, conclusory allegation in Paragraph 32, wherein they allege that RCC "maintained a practice, policy, or custom with deliberate indifference to the Constitutional harm it caused to Plaintiff."  Not only is this allegation conclusory, its nonsensical and appears once more, as nothing more than a  recitation of an element of a Section 1983 claim. A plaintiff may sufficiently state a cause of action against a state actor through 42 U.S.C. Section 1983 if they sufficiently plead a "policy and custom." Critically, Plaintiffs have failed to do so in this case. Stated plainly, their conclusory allegation in Paragraph 32 will not suffice as it does not identify any policy, custom, or the purported constitutional harm that Defendant allegedly violated.

Moreover, although unclear from the allegations in the Second Amended Complaint, to the extent that Plaintiffs intended to plead a *Monell* claim against Klahr, they must allege facts to support the elements of such claim. In *Madero v. Luffey, 439 F. Supp. 3d 493, 514 (W.D. Pa. 2020),* the Court observed that a private person can only be liable under Section 1983 if that person acted under color of law state. *Id., citing Flagg Bros. Inc. v. Brooks, 439 U.S. 149 (1978).*  In

9

order to make such a determination, we follow the traditional definition "which requires that the defendant in a Section 1983 action have exercised power by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id., citing, West v. Atkins, 487 U.S. 42 (1988.)*   The Third Circuit has drawn three (3) broad tests under the jurisprudence of the U.S. Supreme Court to determine if state action exists.   *Kach v. Hose.*   These tests are commonly referred to as the (1) public function test; (2) the close nexus test; and (3) the symbiotic relation test.   *Id. citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S. Ct. 277, 73 L.Ed.2d. 482 (1982).*   Action taken by private entities with the mere approval or acquiescence of the State is not state action. *Id. citing American Mfg. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999).*

Plaintiffs in this case have not cited any test, or attempted to comply factually with any one of the three aforementioned tests.   Rather, by virtue of their allegation that the City and School District have created a "de facto partnership" and have populated a board of directors with members, Plaintiffs have instead improperly inferred or suggested that actions of the RRC and Klahr have the "approval and acquiescence" of the state.   However, these allegations fall woefully short of a showing that Klahr acted with the power and authority of the state.   On the contrary, by citing portions of the Articles of Incorporation and By-Laws, Plaintiffs have shown that Klahr, as the Executive Director, acted in accordance with the powers provided to her through those documents; not through the powers of the City of Reading and/or the Reading School District. Such being the case, Plaintiffs have not made a showing that Klahr is a state actor and acted wrongfully to deprive the minor Plaintiff of her constitutional rights.

**C. PLAINTIFFS HAVE FAILED TO SET FORTH A CAUSE OF ACTION UNDER TITLE IX OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AGAINST THE RCC**

Plaintiffs have failed to sufficiently plead a Title IX claim against the RCC Defendant. "Title IX proscribes sex discrimination in any education program or activity receiving federal financial assistance." *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 462 (1999) (*citing* 20 U.S.C. § 1681(a))(internal quotations omitted). Here, from a review of the allegations in the Second Amended Complaint, Plaintiffs have failed to plead sufficient facts to trigger Title IX coverage, as the RCC is not a recipient of federal funds and thus is not subject to Title IX.

In the instant matter, it appears that Plaintiffs are mistakenly arguing that as a result of the "de facto" partnership with the City of Reading and School District of Reading, the RCC is subject to Title IX because it benefits from the federal funds received by the City and School District of Reading. The plaintiff in *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 462 (1999) raised a similar argument which was rejected by the United States Supreme Court. In *Nat'l Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 462 (1999), the Supreme Court set forth a comprehensive analysis of Title IX, by reviewing whether the NCAA's receipt of dues from federally funded member institutions would suffice to bring the NCAA within the scope of Title IX. The Supreme Court ultimately held that "[d]ues payments from recipients of federal funds … do not suffice to render the dues recipient subject to Title IX." *Id.* at 462. In coming to its determination, the *Nat'l Collegiate Athletic Ass'n* Court set forth a discussion of *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, (1986) wherein the Supreme Court considered a parallel issue regarding the scope of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794. *Nat'l Collegiate Athletic Ass'n,* 525 U.S. 459 at 465. Section 504 "prohibits discrimination on the basis of disability in substantially the same terms that Title IX uses to prohibit sex discrimination." *Id.*

The *Nat'l Collegiate Athletic Ass'n* Court noted that in *Paralyzed Veterans of Am.,* the Supreme Court held that "airlines are not recipients of federal funds received by airport operators for airport construction projects, even when the funds are used for projects especially beneficial to the airlines. *Nat'l Collegiate Athletic Ass'n,* 525 U.S. 459 at 467. It was thus determined by the *Paralyzed Veterans of Am. Court* that "the statute [Section 504] covers those who receive the aid, but does not extend as far as those who benefit from it." *Nat'l Collegiate Athletic Ass'n,* 525 U.S. 459 at 467 (citing *Paralyzed Veterans of Am. Court,* 477 U.S. 597 at 607).

Replying upon the analysis in *Paralyzed Veterans of Am.*, the *Nat'l Collegiate Athletic Ass'n* Court*,* rejected the Third Circuit's reading of Title IX, particularly the Third Circuit's interpretation of the term "recipient." The Supreme Court ultimately held that "entities that receive federal assistance whether directly or through an intermediary are recipients within the meaning of Title IX; entities that only benefit economically from federal assistance are not. *Nat'l Collegiate Athletic Ass'n,* 525 U.S. 459 at 468. Therefore, the Court concluded as follows:

> At most, the  Association's receipt of dues demonstrates that it indirectly benefits from the federal assistance afforded its members. This showing without more, is insufficient to trigger Title IX coverage.

*Id*.

Here, from a fair interpretation of the allegations in the Second Amended Complaint, Plaintiffs appear to be advancing the same unavailing argument as the plaintiffs in *Nat'l Collegiate Athletic Ass'n.* The instant Plaintiffs are essentially asserting that the RCC indirectly benefits from the federal assistance afforded to the City of Reading and the School District of Reading. Plaintiffs actually concede that the RCC does not receive federal funding in the Second Amended Complaint but that the City of Reading and the Reading School District are the recipients of federal funding. Therefore, Plaintiffs' argument that the RCC is subject to Title IX because it is simply an "indirect"

recipient that benefits from the City and School District's receipt of federal funding is misplaced. Therefore, as held in *Nat'l Collegiate Athletic Ass'n*, the mere fact that the RCC may benefit from the federal assistance afforded to the City of Reading and School District of Reading does not bring it within the purview of Title IX. For these reasons, Plaintiffs cannot sustain a claim under Title IX against the RCC, and as such, Count III must be dismissed as a matter of law.

### D. PLAINTIFFS HAVE FAILED TO SET FORTH SUFFICIENT FACTS TO ESTABLISH PRIMA FACIE NEGLIGENCE CLAIMS AGAINST THE RCC OR DEFENDANT KLAHR IN COUNTS IV AND VI OF THE SECOND AMENDED COMPLAINT

In Counts IV and VI of the Second Amended Complaint, Plaintiffs aver a claim for negligence against RCC and Klahr, respectively. In order to state a cause of action for negligence in Pennsylvania, a plaintiff must show four elements: "(1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damages." *R.D. v. Shohola, Inc.,* 2018 WL 5920640 at *4 (M.D. Pa. 2018) (*citing Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011). Whether a defendant owes a duty to the plaintiff is a question of law. *See* Restatement (Second) of Torts 328(B) (1965).

Here, for purposes of this Motion to Dismiss only, Defendants concede that Plaintiff, as a minor attending recreational and educational activities at the Recreation Center, is owed a duty. However, Defendants deny that they breached any duty to Plaintiffs or that any alleged breach caused minor Plaintiff's injury. In support of their negligence claim, Plaintiffs aver that "as a result of the failure to provide training on how to properly and timely respond to "red flags" and precursor misconduct…" Defendants created a culture in which it was "foreseeable and highly predictable" that the employee could abuse the minor plaintiff. However, but for the conclusory

allegations set forth above, Plaintiffs fail to plead actual facts to establish the second and third elements of their negligence claim. In other words, Plaintiffs have failed to allege what the RCC or Klahr did to breach any duty and how this breach *caused* the minor Plaintiff's injuries.

By way of further explanation, Plaintiffs have failed to plead sufficient facts that would support the conclusion that it was foreseeable and highly predictable that Quigg would abuse the minor Plaintiff. For instance, Plaintiffs have not alleged that the RCC knew that its employees had a history of ignoring their responsibilities and failing to supervise the minors on its property, that Quigg had a history of sexual abuse, or that there were prior instances of sexual abuse at the RCC. Instead, Plaintiffs identified three "red flags" in their Second Amended Complaint in efforts to establish their claims. Certainly, these "red flags," in and of themselves, do not render it "foreseeable" and "highly predictable" that Quigg was abusing the minor Plaintiff. Therefore, absent additional facts, the Second Amended Complaint simply lacks sufficient allegations to support a negligence claim against RCC or Klahr. *See Doe v. Liberatore*, 478 F.Supp.2d at 761 (holding that a jury could find that a church negligently retained and supervised a priest where there was evidence that the priest was "grooming" the minor plaintiff for a sexual relationship); see also *Hutchinson ex rel. Hutchinson v. Luddy*, 742 A.2d 1052, 1059 (Pa. 1999) (finding negligent supervision where an employer knew of the defendant's propensity for pedophilic behavior and of several specific instances of such conduct"). For these reasons, Plaintiffs' negligence claims against RCC and Klahr in Counts IV and VI must fail because the Second Amended Complaint lacks the requisite facts to establish such claims.

**E.  PLAINTIFFS HAVE FAILED TO SET FORTH FACTS TO ESTABLISH A PRIMA FACIE BREACH OF FIDUCIARY CLAIM AGAINST THE RCC OR KLAHR IN COUNTS V AND VII OF THE SECOND AMENDED COMPLAINT**

Similar to the deficiencies with Plaintiffs' negligence claims, Plaintiffs have failed to plead sufficient facts to establish a breach of fiduciary duty claim against the RCC or Defendant Klahr in Counts V and VII of the Second Amended Complaint. "A fiduciary relationship exists between two individuals when one of the persons 'is under a duty to act for or to give advice for the benefit of another [person] upon matters within the scope' of that relationship." *Anderson v. Abington Heights Sch. Dist.*, 2017 WL 6327572 at \*15 (M.D. Pa. Dec. 11, 2017), *aff'd*, 779 F. App'x 904 (3d Cir. 2019) (citing Restatement (Second) of Torts, § 874 cmt. a (1979)). As the Pennsylvania Supreme Court explained, the "essence of such a relationship is trust and reliance on one side, and a corresponding opportunity to abuse that trust for personal gain on the other." *In re Scott's Estate*, 316 A.2d 883, 885 (Pa. 1974). The fiduciary duty claims thus fail at the outset because the Second Amended Complaint lacks sufficient facts to support a breach of fiduciary duty claim against the RCC or Klahr as Plaintiffs have not pleaded any facts that would suggest that RCC or Klahr abused their position for personal gain.  Accordingly, since there is simply no facts contained within the Second Amended to support a *prima facie* fiduciary duty claim, Counts V and VII must be dismissed.

**F.  PLAINTIFFS' VICARIOUS LIABILITY CLAIM IN COUNT VIII FAILS AS A MATTER OF LAW AND MUST BE DISMISSED**

Plaintiffs' vicarious liability claim in Count VIII against the RCC must be dismissed. Under Pennsylvania law, "an employer is held vicariously liable for the negligent acts of his employee which cause injuries to a third party, provided that such acts were committed during the course of and within the scope of the employment." *Vicky M. v. Ne. Educ. Intermediate Unit* 19, 486 F. Supp. 2d 437, 461 (M.D. Pa. 2007), *on reconsideration*, 2007 WL 2844428 (M.D. Pa. 2007)

citing (*Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (1979). The Middle District in *Vicky M.*

also recognized that there were certain circumstances when an employer's liability will extend to

intentional or criminal acts committed by the employee. *Vicky M.*, 486 F. Supp. at 461.

Furthermore, for purposes of vicarious liability, an employee's conduct is considered within the

scope of employment if the following elements are established:

> (1) it is of a kind and nature that the employee is employed to
> perform; (2) it occurs substantially within the authorized time and
> space limits; (3) it is actuated, at least in part, by a purpose to serve
> the employer; and (4) if force is intentionally used by the employee
> against another, the use of force is not unexpected by the employer.

*Vicky M.*, 486 F. Supp. at 461-462 *(citing R.A. ex rel. N.A. v. First Church of*

*Christ,* 748 A.2d 692, 699 (2000) (quotations omitted).

Notably, however, "in the absence of an underlying tort by the employee, there can be

no vicarious liability on the part of an employer." *See*, *Dempsey v. Bucknell Univ.*, 76 F. Supp.3d

565, 585 (M.D. Pa. 2015) ("Because there is no underlying liability on the part of [the employee],

there can be no vicarious liability on the part of Bucknell."). In the instant matter because Plaintiffs

cannot establish any underlying liability as to Defendant Klahr, there can be no liability on the part

of the RCC, for any alleged actions taken by Klahr.

Additionally, to the extent that Plaintiffs are attempting to hold the RCC liable for Quigg's

actions, such claim should fail on such basis as well. Pennsylvania courts have held that "an assault

committed by an employee upon another for personal reasons or in an outrageous manner is not

actuated by an intent to perform the business of the employer and, as such, is not within the scope

of employment." *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1272 (Pa Super. 1979). A particularly

compelling and instructive case discussing a defendant's vicarious liability for an employee's

"outrageous" conduct is *Sanchez by Rivera v. Montanez*, 645 A.2d 383 (1994). In *Sanchez*, a child

and his parents sued a community action agency, alleging that the agency was vicariously liable for an employee's sexual molestation of the plaintiff child. *Id.* While acknowledging that the Court was certainly sympathetic to the minor Plaintiff, the Commonwealth Court of Pennsylvania noted that it was obliged to follow the "deeply applicable law on the subject." *Id*. at 391. Accordingly, the Court affirmed the trial court's entry of summary judgment in the defendant agency's favor, and held that the employee's actions were clearly outrageous and motivated purely by personal reasons. *Id.* Similarly, here, the RCC cannot be held liable for Quigg's actions which were outrageous and motivated purely by personal reasons. For these reasons, Count VIII of the Second Amended Complaint must be dismissed as well.

### G.  *IN THE ALTERNATIVE*, ALL COUNTS AGAINST DAPHNE E. KLAHR,  IN HER OFFICIAL CAPACITY, MUST BE DISMISSED

To the extent that this Honorable Court recognizes the RCC as a state actor (which Defendants deny),  all claims asserted against Defendant Daphne Klahr, in her official capacity, must be dismissed as redundant. Suits against municipal employees in their official capacities are "treated as claims against the municipal entities that employ these individuals." *Smith v. Sch. Dist. of Phila.*, 112 F.Supp.2d 417, 425 (E.D.Pa. 2000)(citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). This is because, in a suit against a municipal official in his official capacity, the real party in interest is the municipal entity and not the named official. *See*, *Id.*, at 424. *See also*, *Waites v. City of Philadelphia,* 2001 U.S. Dist. LEXIS 5547, at *6 (E.D.Pa. March 5, 2001)(dismissing claims against city officials in their official capacities because such claims are simply another way of pleading an action against the employing government entity).  Therefore, the official capacity claims against Daphne K. Klahr, to the extent RCC is recognized as a municipal entity, would be redundant and must be dismissed. *See*, *Cuvo v. De Biasi*, 169 Fed. Appx. 688, 693 (3d Cir. 2006)(affirming dismissal "against the officers in their official capacities because a lawsuit against

public officers in their official capacities is functionally a suit against the public entity that employs them"); *Moore v. City of Philadelphia*, 2014 U.S. Dist. LEXIS 27894, at *7-11 (E.D.Pa. Mar. 5, 2014) ("Since Plaintiff's redundant claims against the moving Defendants unnecessarily clutter the docket, this Court shall exercise its discretion to dismiss the official-capacity claims against [Defendants]."); *Foglesong v. Somerset Cnty.*, 2013 U.S. Dist. LEXIS 29767, at *28-30 (W.D. Pa. 2013)(finding that dismissal of redundant official capacity claims is appropriate even where there are also individual capacity claims).

## H. *IN THE ALTERNATIVE*, ALL COUNTS FOR STATE COMMON LAW TORTS AGAINST DEFENDANT, READING RECREATION COMMISSION, MUST BE DISMISSED

To the extent that the Court recognizes the RCC as a state actor, Plaintiffs' state common law tort claims against the RCC must be dismissed at the outset pursuant to the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq*. ("Tort Claims Act"). The Tort Claims Act grants general immunity to political subdivisions, stating "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. In order to overcome governmental immunity, the Plaintiff has the burden to prove a common law negligence claim for damages that also falls within one of the nine (9) enumerated exceptions set forth in Section 8542(b) of the Act. *See Miseo v. Ross Township Police Department*, 607 A.2d 806 (Pa. Commw 1992); *Joner v. Bd. of Ed. of the School Dist. of Phila.*, 496 A.2d 1288 (Pa. Commw. 1985). As stated by the Pennsylvania Supreme Court:

> [t]he Act provides that liability may be imposed if two conditions are satisfied, and if the injury occurs as a result of one of eight[1] acts described at 42 Pa.C.S. § 8542(b).

---

[1] A ninth immunity exception was added to section 8542(b) of the Act in November 2019, when the PSTCA was amended to include an additional exception for negligently causing sexual abuse of a minor.  42 Pa. C.S. § 8541 (9) states as follows:

> The two threshold conditions required are that 1) damages would be recoverable under common law or a statute creating a cause of action against one not having an immunity defense, and 2) the injury must be caused by the negligent acts of the local agency or its employee acting within the scope of his office or duties, excepting therefrom acts of crime, fraud, malice or willful misconduct.

*Mascaro v. Youth Study Center*, 523 A.2d 1118, 1120 (Pa. 1987). If a plaintiff cannot establish his or her negligence claim, then the claim must be dismissed prior to even undergoing an analysis as to whether or not the claim fits within an enumerated exception. *See Miseo*, *supra; Joner*, *supra.*

As noted above, in Pennsylvania, in order to establish a cause of action for negligence, a Plaintiff must plead and prove that a defendant owed a duty, that the Defendant breached that duty, that the breach was the proximate cause of the plaintiff's injury and that the plaintiff suffered damages. *Brisbine v. Outside-In School of Experiential Education, Inc.*, 799 A.2d 89, 93 (Pa. Super. 2002). However, "[t]he mere fact an accident occurred does not entitle the injured person to a verdict. . . . A plaintiff must show that a defendant owed a duty of care, and that this duty was breached." *Gutteridge v. A.P. Green Services*, 804 A.2d 643, 655 (Pa. Super. 2002), *appeal denied* 829 A.2d 1158 (Pa. 2003); *see also Cuthbert v. Philadelphia*, 209 A.2d 261, 263 (Pa. 1965) ("[I]t remains a principle so fundamental as to require no authority that the mere existence of negligence and the occurrence of injury are insufficient to impose liability upon anyone."). "[T]he burden is on the plaintiff to produce evidence which indicates that the defendant was negligent and that the negligence was the proximate cause of the injury." *De Tillo v. Carlyn Constr., Inc.*, 206 A.2d 376, 378 (Pa. 1965).

---

Sexual abuse.--Conduct which constitutes an offense enumerated under section 5551(7) (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence. 42 Pa. C.S. § 8541. (9).

Here, Defendants anticipate that Plaintiffs will argue that the ninth exception enumerated in 42 Pa.C.S. §8542(b) applies to the facts in the instant case. However, Defendants submit that there is no need for the Court to even undergo such analysis, as Plaintiffs cannot establish the prerequisite negligence claim. In other words, since Plaintiffs have failed to plead the underlying *prima facie* negligence claim, pursuant to the governing authority, their negligence claim must be dismissed at the outset prior to even considering whether or not the claim falls within an applicable enumerated exception. Furthermore, Courts have also dismissed fiduciary duty claims at this stage of litigation because such claims are also barred by the Tort Claims Act. *See, Kane v. Chester Cnty. Dep't of Child.*, *Youth & Fams.,* 10 F. Supp. 3d 671, 694 (E.D. Pa. 2014)(dismissing fiduciary duty claim because it was barred by the Tort Claims Act). For these reasons, to the extent the RCC is viewed as a state actor, Plaintiffs' negligence and breach of fiduciary duty claims in Counts IV and V must be dismissed pursuant to the Tort Claims Act.

V. **CONCLUSION**

In light of the arguments set forth above, Defendants maintain that Plaintiffs' Second Amended Compliant must be dismissed. Alternatively, to the extent that the Court disagrees with Defendants, and determines that the RCC is a state actor, Defendants respectfully request that all claims against Defendant Klahr, in her official capacity, be dismissed with prejudice and that the state law claims in Counts IV and V against the RCC be dismissed with prejudice.

MARSHALL DENNEHEY

BY: _/s/Sharon M. O'Donnell_
Sharon M. O'Donnell, Esquire
PA I.D. No. 79457
100 Corporate Center Dr., Suite 201
Camp Hill, PA  17011
(717) 651-3503
Fax (717) 651-3707

DATE:  May 25, 2022
smodonnell@mdwcg.com
*Attorneys for Defendants, Reading Recreational Commission and Daphne E. Klahr*

21

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE, A MINOR CHILD BY AND  :
THROUGH HER FATHER AND NEXT  :
FRIEND, JOHN DOE,  :
                                :      CIVIL ACTION NO. 5:21-cv-04851-JFL
            Plaintiff  :
    v.  :
                                  :
READING RECREATION COMMISSION,:
and DAPHNE E. KLAHR, EXECUTIVE  :
DIRECTOR COMMISSION, in her official :
and individual capacities,  :
                                :
         Defendants  :

## CERTIFICATE OF SERVICE

      I, Sharon M. O'Donnell, Esquire hereby certify that a true and correct copy of the foregoing

Defendants' Memorandum of Law in Support of Motion to Dismiss was electronically filed with

the Court this date and is available for viewing and downloading from the ECF System.

                                      MARSHALL, DENNEHEY

DATE:  May 25, 2022                  BY:    */s/ Sharon M. O'Donnell*
                                              Sharon M. O'Donnell, Esquire
                                            PA I.D. No. 79457
                                            100 Corporate Center Dr., Suite 201
                                            Camp Hill, PA  17011
                                            (717) 651-3503
                                            smodonnell@mdwcg.com
                                            *Attorneys for Defendants, Reading*
                                            *Recreational Commission and*
                                            *Daphne E. Klahr*