UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, A MINOR CHILD BY AND THROUGH HER FATHER AND NEXT FRIEND, JOHN DOE, | : : : : | |
| Plaintiff | : : | CIVIL ACTION NO. 5:21-cv-04851-JFL |
| v. | : : | |
| READING RECREATION COMMISSION, and DAPHNE E. KLAHR, EXECUTIVE DIRECTOR COMMISSION, in her official and individual capacities, | : : : : : | |
| Defendants | : : | FILED ELECTRONICALLY |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants above named, through counsel, MARSHALL DENNEHEY, hereby move this Honorable Court for summary judgment and the dismissal of all claims in the Second Amended Complaint in its entirety and in support thereof states the following.

1. Summary judgment must be entered in favor of Defendants on all causes of action brought against them in the above-captioned matter.

2. First, summary judgment must be granted as to Plaintiffs' claim pursuant to 42 U.S.C. §1983 against the RCC because the record shows that the RCC is not a state actor for purposes of Section 1983 liability.

3. Nonetheless, to the extent that the RCC and Klahr are viewed as state actors, summary judgment should be granted as to Plaintiffs *Monell* claims under 42 U.S.C. §1983 against the RCC and Defendant Daphne Klahr in Counts I and II of the Second Amended Complaint.

4. Summary Judgment must be entered in favor of Defendants as to these claims because Plaintiffs have failed to present evidence to establish the existence of a policy, custom

or practice of the RCC that violated minor Plaintiff's Constitutional rights, or that there exists a causal link between the alleged policy, custom or practice and the harm she suffered.

5. Furthermore, from a fair interpretation of Plaintiffs' allegations and the record, it appears that Plaintiffs are also attempting to assert a *Monell* Claim against Klahr in Count II based upon a supervisory liability theory.

6. However, there is no evidence that Klahr was personally involved in any incident, exhibited any deliberate indifference to the minor Plaintiff's rights or that she created a policy that directly caused the constitutional harm to minor Plaintiff.

7. With respect to Count III, Plaintiffs' Title IX claim against the RCC, such claim must be dismissed because the record evidence shows that that the RCC is not a recipient of federal funding to bring it within the scope of Title IX.

8. Additionally, Title IX does not apply to the RCC in this matter because the RCC is not an educational institution as fully supported by the record evidence, in particular, Daphne Klahr's deposition testimony, wherein she explicitly testified that the RCC is "not an educational institution." *See,* Exhibit F, pg. 41.

9. Alternatively, to the extent that the Court determines that the RCC is subject to Title IX, the record fails to support a claim against the RCC, as there are no facts of record that anyone at the RRC had any "actual knowledge" of Quigg's sexual harassment and/or abuse of the minor Plaintiff.

10. Furthermore, even assuming, *arguendo,* that the RCC may have had the actual knowledge required for damages under Title IX, summary judgment must be granted as to Plaintiffs' Title IX claim because the the record is completely devoid of evidence to show that the RCC acted deliberately indifferent to that knowledge.

11. Furthermore, in the event that this Honorable Court views the RCC as a "recipient" of federal funds and subject to Title IX, Plaintiffs' request for emotional damages pursuant to Title IX must be dismissed.

12. Here, Defendants respectfully request that this Honorable Court rely upon the rationale employed by the Supreme Court in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022) to bar Plaintiffs' recovery of emotional distress damages pursuant to Title IX.

13. Summary Judgment must also be granted with respect to Plaintiffs' claims for negligence in Counts IV and VI, as the record lacks sufficient evidence to establish such claims against the RCC and Klahr.

14. For purposes of this motion for summary judgment only, Defendants concede that Plaintiff, as a minor attending the programs at the RCC, is owed a duty. However, Defendants deny that the RCC or Klahr breached any duty to Plaintiffs or that any alleged breach proximately caused minor Plaintiff's injury. *See Kleinknecht*, 989 F.2d at 1373; *see also Spraggins v. Shields*, 456 A.2d 1000, 1001 (Pa. Super. Ct. 1983) (holding that a court should not remove the question of negligence from the jury "unless the facts leave no room for doubt").

15. In consideration of the undisputed facts of the record, there is no doubt that the RCC and Klahr acted appropriately, and thus did not breach any duty to Plaintiffs or cause minor Plaintiff's injuries and thus summary judgment must be granted as to Plaintiffs' negligence claims in Counts IV and VI.

16. Furthermore, although Counts IV and VI of the Second Amended Complaint are identified as "negligence" claims against the RCC and Klahr, from a closer review of the allegations in support of these claims, it appears that Plaintiffs are attempting to assert, in part,

negligent supervision claims against Defendants, which are improperly couched as negligence claims.

17. Therefore, in the event that this Honorable Court permits Plaintiffs to pursue their negligence claims at trial, the Defendants respectfully request that the Court strike and/or dismiss any purported negligent supervision claims, including any allegations contained in Counts IV and VI to support such claims.

18. Plaintiffs in the instant matter have simply failed to establish a record to support a negligent supervision claim against the RCC or Klahr. *See Doe v. Liberatore*, 478 F.Supp.2d at 761 (holding that a jury could find that a church negligently retained and supervised a priest where there was evidence that the priest was "grooming" the minor plaintiff for a sexual relationship); see also *Hutchinson ex rel. Hutchinson v. Luddy*, 742 A.2d 1052, 1059 (Pa. 1999) (finding negligent supervision where an employer knew of the defendant's propensity for pedophilic behavior and of several specific instances of such conduct").

19.  Here, the record is devoid of any evidence that Defendants negligently retained Austin Quigg as he had no prior record of child abuse nor was there any evidence produced to show that Defendants knew of Quigg's propensity for pedophilic behavior. For these reasons, any purported negligent supervision claim must be dismissed prior to trial in this matter.

20. Similar to the deficiencies with Plaintiffs' negligence claims, the record is devoid of any facts to establish a breach of fiduciary duty claim against the RCC or Defendant Klahr in Counts V and VII of the Second Amended Complaint.

21. A fiduciary relationship exists between two individuals when one of the persons 'is under a duty to act for or to give advice for the benefit of another [person] upon matters within the scope' of that relationship." *Anderson v. Abington Heights Sch. Dist.*, 2017 WL 6327572 at *15

(M.D. Pa. Dec. 11, 2017), *aff'd*, 779 F. App'x 904 (3d Cir. 2019) (citing Restatement (Second) of Torts, § 874 cmt. a (1979)).

22. Here, the record is devoid of any evidence that the RCC or Klahr abused their position for personal gain to support a breach of fiduciary duty claim. Instead, the record illustrates that the RCC's employees timely addressed any concerns they had with Quigg, suspended him, and ultimately terminated him. *See*, Exhibit C, pg. 73-74; *see also*, Exhibit R.

23. Furthermore, although it is unclear, its appears from a review of the allegations in the Second Amended Complaint, that Plaintiffs are attempting assert their fiduciary duty claim under a theory that the RRC is analogous to an educational setting.

24. To the extent this Court views the RCC as an "educational setting", which directly contradicts the record and Daphne Klahr's testimony (*see,* Exhibit F, pg. 41), summary judgment should still be granted as to the fiduciary duty claim.

25. In *Anderson v. Abington Heights Sch. Dist.*, 2017 WL 6327572, at *15 (M.D. Pa. 2017), *aff'd,* 779 F. App'x 904 (3d Cir. 2019) the Middle District discussed a breach of fiduciary duty claim in educational settings, noting that a plaintiff must establish the following elements in order to succeed on such claim:

> (1) that the defendant negligently or intentionally failed to act in good faith and solely for the benefit of the plaintiff in all matters for which he was employed, or negligently or intentionally failed to use reasonable care in carrying out his duties; (2) that the plaintiff suffered injury; and (3) that the agent's failure to act solely for the plaintiff's benefit, or to use the skill and knowledge demanded of him by law, was a real factor in bringing about the plaintiff's injuries. Pa. S.S.J.I. (Civ.) § 6.210 (2016).

26. Assuming arguendo, that the RCC is considered an "educational setting" for purposes of the breach of fiduciary duty claims, there is simply no evidence that the RCC or Klahr failed to act in good faith or that they negligently or intentionally failed to use reasonable care in

carrying out their duties, and thus summary judgment must be granted as to Plaintiffs' breach of fiduciary duty claims.

27. Similarly, summary judgment must be granted as to Plaintiffs' vicarious liability claim in Count VIII.

28. Under Pennsylvania law, "an employer is held vicariously liable for the negligent acts of his employee which cause injuries to a third party, provided that such acts were committed during the course of and within the scope of the employment." *Vicky M. v. Ne. Educ. Intermediate Unit* 19, 486 F. Supp. 2d 437, 461 (M.D. Pa. 2007), *on reconsideration*, 2007 WL 2844428 (M.D. Pa. 2007) citing (*Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (1979).

29. Here, because Plaintiffs have failed to produce evidence to establish liability on the part of Defendant Klahr or any other employees of the RCC, they cannot sustain a vicarious liability claim against the RCC.

30. Defendants also request that summary judgment be granted with respect to Plaintiffs' request for punitive damages against the RCC and Klahr.

31. In Pennsylvania, the imposition of punitive damages is an extreme remedy which is reserved for the most exceptional circumstances. *Browne v. Maxfield*, 663 F.Supp. 1193 (E.D. Pa. 1987); *Cochetti v. Desmond,* 572 F.2d 102 (3d. Cir. 1978); See also *Dowhouer v. Judson*, 45 D & C.4th 172 (C.P. Dauphin 2000) ("Pennsylvania courts have limited the availability of punitive damages only to 'punish the rare instances of extreme behavior'"); *Phillips v. Cricket Lighters*, 883 A.2d 439 (Pa. 2005).

32. Punitive damages are awarded to punish a defendant for outrageous conduct. "Outrageous conduct" is described as "acts done with a bad motive or with a reckless indifference

to the interests of others." *Judge Technical Services, Inc. v. Clancy, et al.*, 813 A.2d 879 (Pa. Super. Ct. 2002).

33. Here, Plaintiffs have fallen well short of the standard to warrant punitive damages, and thus summary judgment should be granted with respect to Plaintiffs' request for punitive damages.

34. Lastly, Defendants assert two arguments in the alternative, to the extent that the Court disagrees with their position, and views the RCC as a state actor.

35. In such instant, Defendants maintain that Plaintiffs' state common law tort claims against the RCC must be dismissed at the outset pursuant to the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq*.

36. Similarly, in the event that this Honorable Court recognizes the RCC as a state actor (which again, the Defendants deny), all claims asserted against Defendant Daphne Klahr, in her official capacity, must be dismissed as redundant, as well.

WHEREFORE, based upon the foregoing and the arguments set forth in the Memorandum of Law submitted concurrently herewith, Defendants, Reading Recreational Commission and Daphne E. Klahr, respectfully request this Honorable Court to enter an Order granting their Motion for Summary Judgment with prejudice.

          RESPECTFULLY SUBMITTED,

          MARSHALL DENNEHEY

BY:   */s/Sharon M. O'Donnell*
       Sharon M. O'Donnell, Esquire
       PA I.D. No. 79457
       100 Corporate Center Dr., Suite 201
       Camp Hill, PA  17011
       (717) 651-3503
       Fax (717) 651-3707

DATE:  June 13, 2022       smodonnell@mdwcg.com
       *Attorneys for Defendants, Reading*
       *Recreational Commission and*
       *Daphne E. Klahr*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, A MINOR CHILD BY AND THROUGH HER FATHER AND NEXT FRIEND, JOHN DOE, | : : : : | |
| Plaintiff | : : | CIVIL ACTION NO. 5:21-cv-04851-JFL |
| v. | : : | |
| READING RECREATION COMMISSION, and DAPHNE E. KLAHR, EXECUTIVE DIRECTOR COMMISSION, in her official and individual capacities, | : : : : : | |
| Defendants | : : | FILED ELECTRONICALLY |

## CERTIFICATE OF NON-CONCURRENCE

I, Sharon M. O'Donnell, hereby certify that I contacted Plaintiffs' counsel and given the dispositive nature of this motion, they do not concur in the motion.

                                                           MARSHALL, DENNEHEY

DATE: June 13, 2022                        BY:   */s/ Sharon M. O'Donnell*
                                                                             Sharon M. O'Donnell, Esquire
                                                                             PA I.D. No. 79457
                                                                             100 Corporate Center Dr., Suite 201
                                                                             Camp Hill, PA  17011
                                                                             (717) 651-3503
                                                                             Fax (717) 651-3707
                                                                             smodonnell@mdwcg.com

## CERTIFICATE OF SERVICE

I, Sharon M. O'Donnell, Esquire hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment was electronically filed with the Court this date and is available for viewing and downloading from the ECF System.

MARSHALL, DENNEHEY

DATE: June 13, 2022        BY:   /s/ Sharon M. O'Donnell
                                 Sharon M. O'Donnell, Esquire
                                 PA I.D. No. 79457
                                 100 Corporate Center Dr., Suite 201
                                 Camp Hill, PA  17011
                                 (717) 651-3503
                                 Fax (717) 651-3707
                                 smodonnell@mdwcg.com